## GUARANTEED ACCEPTANCE CORP v GENERAL MOTORS ACCEPTANCE CORP

Ohio Appeals, 9th Dist, Summit Co

No 1611. Decided April 19, 1929

Herberich & Weick, Akron, for Guaranteed Accept Corp.
Harold H Gorman and Arthur C Keeney, Akron, for General Motors.

**WASHBURN, J.**

There is no evidence in the record even tending to show that the defendant company owns or has any interest in or right to the possession of said automobiles.

Plaintiff's evidence established that the Ralph Myers Chevrolet Co., a regular dealer in automobiles, had said automobiles for sale in its garage, and for the purpose of obtaining money on the same, said company caused two of its employes to execute to it chattel mortgages on said automobiles, and sold and duly assigned said mortgages to plaintiff and obtained from plaintiff the full amount represented by said mortgages.

In the early part of September, 1928, the defendant company took possession of said automobiles, and this action was begun on Sept. 14, 1928.

The record also discloses that at the time these mortgages were executed by these employes, the Ralph Myers Chevrolet Co. had not executed and delivered to them, bills of sale for said automobiles.

It is said in argument that the employes could not, by way of mortgage, transfer any interest in said automobiles until after

there had been delivered to them proper bills of sale. That may be true as between certain persons and under certain circumstances, but if no-one were interested in this transaction except the plaintiff and the Ralph Myers Chevrolet Co., the absence of said bills of sale would be of little importance. The only reasonable inference to be drawn from the evidence is that the Ralph Myers Chevrolet Co. was the owner of said automobiles; that it borrowed the money from plaintiff and pledged said automobiles to secure the payment of the same; and the fact that instead of executing mortgages in its own name it had its employes execute mortgages to it and then sold the same, would make no difference as between it and the person to whom the mortgages were sold.

So far as the plaintiff and the Ralph Myers Chevrolet Co. is concerned, the transaction was in effect a mortgage by the Ralph Myers Chevrolet Co. to the plaintiff and therefore, as against a stranger having no interest in the automobiles, plaintiff established a case entitling it to the relief sought, and the Common Pleas Court was in error in entering judgment for the defendant.

We do not attempt to anticipate or decide what the effect of the absence of said bills of sale may be under facts and circumstances which will be developed when the defendant company is called upon to make proof of its interest in said automobiles.

The judgment of the Common Pleas Court is reversed and the cause remanded for further proceedings as provided by law.

Funk, PJ, and Pardee, J, concur.